UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x

MICHAEL STEWART,                                           Index No.:

                          Plaintiff,                       **COMPLAINT**

       -against-

THE CITY OF NEW YORK, SGT. CALIGEURI #1902,
POLICE OFFICER SCUDIERO, AND                               **JURY TRIAL DEMANDED**
OFFICERS JOHN DOES 1-3,

                          Defendants.
------------------------------------------------------------x

       Plaintiff Michael Stewart, by his Attorneys, LAW OFFICES OF ANTHONY OFODILE,

complaining of the Defendants, THE CITY OF NEW YORK, SGT. CALIGEURI #1902,

POLICE OFFICER SCUDIERO, AND OFFICERS JOHN DOES 1-3,  alleges as follows:

<h3 style="text-align:center">JURISDICTION AND VENUE</h3>

1.     This is an action at law to redress the use of excessive force, false arrest, false

imprisonment and malicious prosecution against Plaintiff in violation of the his rights under the

Fourth and Fourteenth Amendments to the U.S. Constitution and 42 U.S.C. § 1983. This court

has supplemental jurisdiction over Plaintiff's claims brought under Article 1 § 12 of the New

York State Constitution and under the common law.

2.     Jurisdiction is specifically conferred on the United States District Court by 28

U.S.C. § 1331, this being an action arising under the Constitution and Federal Law, and by 28

U.S.C. § 1343(a)(3), this being an action authorized by law to redress the deprivation, under

color of statute, ordinance, regulation, custom or usage, of rights, privileges, and immunities

secured to Plaintiff by the Fourth, Fifth, and Fourteenth Amendments to the Constitution, and by

1

42 U.S.C. § 1983.

3.      Venue is proper in the Eastern District of New York because the events complained of

occurred in the County of Queens which is within the Eastern District of New York.

### PARTIES

4.      At all times material and relevant to the facts of this case, Plaintiff resided in Queens,

New York, within the jurisdiction of this Court.

5.      At all times relevant and material to this case, Defendant City of New York was and still

is a municipal corporation incorporated under the laws of the State of New York and was the

employer of the individual defendants and is liable under the common law agency and/or

respondent superior rule for the actions of the individual defendants complained of herein both

under the common law and under Article 1 § 12 of the New York State Constitution.

6.      At all times relevant and material to this case, Defendants SGT. CALIGEURI #1902,

POLICE OFFICER SCUDIERO, AND OFFICERS JOHN DOES 1-3, were employed and upon

information and belief is still employed by the City of New York in its Police Department.

### FULFILMENT OF ADMINISTRATIVE REMEDIES

7.      Plaintiff timely filed a Notice of Claim with the Comptroller of the City of New York

within ninety days of the happening of the events mentioned herein, attended his scheduled 50-H

Hearing and, at least 30 days has elapsed from the said date without the City of New York

settling said claims.

### FACTUAL ALLEGATIONS

8.      On April 6, 2022, at around 2:30 p.m.,  Plaintiff Michael Stewart was driving his

business' 2017 white Mercedes Benz Subn VIN# 4JGDF6EE1HA922298, PLATE # KDR1881,

with New York State tags.

9.       The vehicle was  fully insured and registered. Plaintiff  was driving on South Road, between 157th Street and Guy Brewer Blvd, when he came across a  police check point and was profiled and singled out for being a Black male.

10.      Plaintiff  was pulled over and brought into a dead end with his vehicle facing a fence and nowhere to go.

11.      The Officer asked him for his Driver's License, and Registration and he requested to know why the Officer asked for them. The Officer asked a second time and Plaintiff asked for a minute to find and produce them and  the Officer replied "you have 30 seconds".

12.       Plaintiff  knew that 30 seconds was not enough to get the exact paperwork for the Mercedes Benz because the business had multiple Vehicles. Sgt. Caligeuri #1902 came over to Officer Scudiero that Plaintiff  was dealing with as Plaintiff  was looking for the requested papers and said "your 30 seconds is up!"

13.      Sergeant Caligeuri #1902 said License, Registration, and Insurance and Plaintiff  asked for one moment. Sergeant Caligeuri #1902 at this time was attempting to open the door of the car but it was locked. He reached into Plaintiff 's car and opened his car door, dragging him out of his vehicle and placing him under arrest, stating "the car windows are tinted, and the license plate holder is illegal."

14.      Sgt. Caligeuri #1902 and  Officer Scudiero put Plaintiff  in their transport vehicle and took him to the 103 station.

15.      Sergeant Caligeuri #1902  drove Plaintiff 's car to the station.

16.      While at the station, Plaintiff  was not given any phone call.

3

17.     Plaintiff's right arm was injured from the handcuffs being deliberately cuffed too tight and the refusal of the individual defendants to loosen it resulting in the hand being so swollen that Plaintiff needed urgent medical attention but he was denied medical attention for hours.

18.     Eventually, Plaintiff was taken to Queens General Hospital for injuries to his right arm from the handcuffs being placed incorrectly on his arm cutting off circulation in his right arm.

19.     Plaintiff was held as punishment and retaliation at the 103 Precinct for more than 24 hours and was still going to be kept there until his private Counsel called and demanded that he should be taken to Cental Bookings for processing.

20.     Officers were smoking in the Precinct affecting Plaintiff's health, the other Officers lit cigarettes for a white prisoner and gave him a desk appearance ticket.

21.     The alleged reason for Plaintiff's arrest is pretextual and the Sergeant knew that before the arrest as the tint on the Mercedes Benz was factory authorized as it came with the vehicle.

22.     This is the same tint that all Mercedes Benz GL and GLS carried and there were multitudes of these vehicles over many years in New York State and City roads so the tint in Plaintiff's vehicle could not be mistaken for being an illegal tint.

23.     Plaintiff's hand was swollen, he sustained nerve damage, sprained thumb, missed days of work, had been forced to spend time attending for the treatment of his hand, lost his freedom and dignity, and has been emotionally, physically and mentally damaged.

24.     The Sergeant vindictively arrested Plaintiff because of his exercise of his First Amendment rights and asking questions about why he was stopped, why his license and registration was being requested when he had ostensibly not broken any laws, and why he was taken off the road to a dead end. Sgt. Caligeuri #1902 was very unhappy that Plaintiff asked

4

questions and demanded his rights to know what he did wrong and why he was stopped and being asked questions.

25.        In further retaliation for Plaintiff's exercise of his constitutional rights of freedom of speech, Sgt. Caligeuri #1902 decided to keep Plaintiff at the Precinct for more than 24 hours and refused to take him to Central Booking for processing so that he would meet the judge and be released on bail.

26.        Because of Defendants profiling of Plaintiff, he became afraid to drive his Mercedez Ben GLS and parked it.

27.        Plaintiff had to appear in Court several times and hire private Counsel before the criminal case against him was dismissed.

28.        The actions of individual Defendants were wilful, intentional and done deliberately to deny Plaintiff his constitutional rights and Plaintiff is therefore entitled to punitive damages.

## AS FOR A FIRST CAUSE OF ACTION

29.        Plaintiff repeats and re-alleges paragraphs 1 through 28 as if each paragraph is repeated and re-alleged verbatim herein.

30.        Sgt. Caligeuri #1902 and  Officer Scudiero subjected Plaintiff to excessive force in violation of his Fourth and Fourteenth Amendments' rights not to be subjected to excessive force when they knowingly handcuffed him in the wrong way and too tightly and refused all entreaties to loosen the handcuffs and handcuff him properly thereby causing nerve damage and thumb injuries to Plaintiff.

## AS FOR A SECOND CAUSE OF ACTION

31.        Plaintiff repeats and re-alleges paragraphs 1 through 30 as if each paragraph is repeated

and re-alleged verbatim herein.

32.      Sgt. Caligeuri #1902 and  Officer Scudiero subjected Plaintiff to excessive force in

violation of Article 1 § 12 of New York State Constitution to be free from excessive search and

seizure, when they knowingly handcuffed him in the wrong way and too tightly and refused all

entreaties to loosen the handcuffs and handcuff him properly thereby causing nerve damage and

thumb injuries to Plaintiff.

**AS FOR A THIRD CAUSE OF ACTION**

33.      Plaintiff repeats and re-alleges paragraphs 1 through 32 as if each paragraph is

repeated and re-alleged verbatim herein.

34.      Plaintiff was subjected to assault and battery without a legitimate legal purpose when

Sgt. when Caligeuri #1902 and  Officer Scudiero knowingly handcuffed him in the wrong way

and too tightly and refused all entreaties to loosen the handcuffs and handcuff him properly

thereby causing nerve damage and thumb injuries to Plaintiff violation of his common law rights

not to be subjected to assault and battery.

**AS FOR A FOURTH CAUSE OF ACTION**

35.      Plaintiff repeats and re-alleges paragraphs 1 through 34 as if each paragraph is

repeated and re-alleged verbatim herein.

36.      Plaintiff's First Amendment constitutional rights to freedom of expression was

violated by the individual defendants when they arrested and maliciously prosecuted Plaintiff for

questioning their actions which he believed to be racial profiling and asking for explanations.

**AS FOR A FIFTH  CAUSE OF ACTION**

37.      Plaintiff repeats and re-alleges paragraphs 1 through 36 as if each paragraph is

repeated and re-alleged verbatim herein.

38.        Plaintiff's First Amendment constitutional rights to freedom of expression was

violated by the individual defendants when they arrested him and deliberately kept him at the

Precinct for more than 24 hours while all the individuals arrested after Plaintiff were transported

to Central Bookings for processing and it required the intervention of his private Counsel who

called and demanded to speak to the Captain or other Superior Officer in charge of the whole

Precinct to ascertain why Plaintiff had not been transported to Central Booking for processing

and he was immediately thereafter transported for processing so that he could see the Judge and

be released.

## AS FOR A SIXTH CAUSE OF ACTION

39.        Plaintiff repeats and re-alleges paragraphs 1 through 38 as if each paragraph is

repeated and re-alleged verbatim herein.

40.        Sgt. Caligeuri #1902 and  Officer Scudiero falsely arrested Plaintiff in violation of his

Fourth and Fourteenth Amendments' rights not to be subjected to unreasonable search and

seizure when they arrested him for allegedly having a tinted window when the window was

factory authorized and notorious because it was widely available and installed in all Mercedes

Benz S Class, GLE 350, GLS 450, among others, and the individual Defendants were well aware

of this fact when they arrested Plaintiff for having an illegal tint on his windows.

## AS FOR A SEVENTH CAUSE OF ACTION

41.        Plaintiff repeats and re-alleges paragraphs 1 through 40 as if each paragraph is

repeated and re-alleged verbatim herein.

42.    Sgt. Caligeuri #1902 and  Officer Scudiero maliciously prosecuted Plaintiff after falsely

arresting him for allegedly having illegal tinted windows in violation of his Fourth, Fifth and Fourteenth Amendments' rights not to be subjected to malicious prosecution. Defendants also knew at the time they charged Plaintiff that there was no possibility of a successful prosecution of Plaintiff for an illegal tint as the tint was factory authorized and approved by the State of New York before the said vehicles were sold in the State.

## AS FOR EIGHT CAUSE OF ACTION

43.     Plaintiff repeats and re-alleges paragraphs 1 through 40 as if each paragraph is repeated and re-alleged verbatim herein.

44.   Sgt. Caligeuri #1902 and  Officer Scudiero maliciously prosecuted Plaintiff after falsely arresting him for allegedly having illegal tinted windows in violation of his common law rights not to be subjected to malicious prosecution. Defendants also knew at the time they charged Plaintiff that there was no possibility of a successful prosecution of Plaintiff for an illegal tint as the tint was factory authorized and approved by the State of New York before the said vehicles were sold in the State.

## AS FOR THE NINTH CAUSE OF ACTION

45.     Plaintiff repeats and re-alleges paragraphs 1 through 44 as if each paragraph is repeated and re-alleged verbatim herein.

46.   Sgt. Caligeuri #1902 and  Officer Scudiero falsely arrested and imprisoned Plaintiff for allegedly having illegal tinted windows in violation of his common law rights not to be subjected to false arrest and imprisonment. Defendants also knew at the time they arrested Plaintiff that tint was factory authorized and approved by the State of New York before the said vehicles were sold in the State.

8

## AS FOR THE TENTH CAUSE OF ACTION

47.     Plaintiff repeats and re-alleges paragraphs 1 through 46 as if each paragraph is repeated and re-alleged verbatim herein.

48.     Sgt. Caligeuri #1902 and  Officer Scudiero stopped Plaintiff and his vehicle when they had no reasonable basis to believe that he had committed, was committing, or was about to commit a crime and Plaintiff by his actions and questions made it clear that he did not consent to the said stop and defendants forcefully opening his vehicle's door against his wish prevented him from leaving and the said stop was in violation of Plaintiff's constitutional rights not to be stopped without reasonable cause.

## AS FOR THE ELEVENTH CAUSE OF ACTION

49.     Plaintiff repeats and re-alleges paragraphs 1 through 48 as if each paragraph is repeated and re-alleged verbatim herein.

50.     At all times relevant and material to this case, Sgt. Caligeuri #1902,  Officer Scudiero John Doe Officers 1-3 were employed by the City of New York through its Police Department and their actions and inactions complained of herein were done during their employment and in the course of their employment and the City of New York is therefore jointly and severally liable to Plaintiff for the injuries sustained herein as alleged in the 2nd, 3rd, 4th and 5th causes of action.

**WHEREFORE,** Plaintiff prays for judgment awarding him:

1.     As against the individual Defendants for violation of his federal constitutional rights, jointly and severally:

    i.     general and compensatory damages in an amount that would adequately compensate him for the violation of his rights and for his physical injuries,

9

emotional, mental, and physical distress;

ii.    lost earnings and lost opportunities to earn income, in the amount to be proved at trial and in accordance with proof;

iii.    punitive damages in an amount sufficient to punish the individual Defendants and deter others like them from repeating such unlawful conduct;

iv.    attorneys' fees and the costs and disbursements of this action; and

v.    past and future costs of medical treatment;

vi.    such other relief as the court deems just and proper.

2.    As against the individual Defendants and the City of New York for violation of Article 1 § 12 of New York State Constitution, jointly and severally:

i.    general and compensatory damages in an amount that would adequately compensate him for the violation of his rights and for his emotional, mental, and physical distress;

ii.    lost earnings and lost opportunities to earn income, in the amount to be proved at trial and in accordance with proof;

iii.    punitive damages (against the individual defendants only) in an amount sufficient to punish the individual Defendants and deter others like them from repeating such unlawful conduct;

iv.    attorneys' fees and the costs and disbursements of this action -- against all Defendants, jointly and severally; and

v.    past and future costs of medical treatment;

10

      vi.    such other relief as the court deems just and proper.

3.    As against the City of New York and the individual Defendants, for the violation of his common law rights:

      i.    general and compensatory damages in an amount that would adequately compensate Plaintiff for the violation of his rights and for his emotional, mental, and physical distress; against all Defendants, jointly and severally;

      ii.    lost earnings and lost opportunities to earn income, in the amount to be proved at trial and in accordance with proof, against all Defendants, jointly and severally;

      iii.    punitive damages in an amount sufficient to punish the individual Defendants and deter others like them from repeating such unlawful conduct – against the individual Defendants, jointly and severally;

      iv.    the costs and disbursements of this action -- against all Defendants, jointly and severally; and

      v.    past and future costs of medical treatment;

      vi.    such other relief as the court deems just and proper.

Dated: Brooklyn, New York
      June 6, 2023

                   LAW OFFICES OF ANTHONY OFODILE
                     Attorneys for Plaintiff Michael Stewart

                     By
                     Anthony C. Ofodile, Esq.
                      498 Atlantic Avenue
                      Brooklyn, New York 11217
                      718 852-8300
                      ACOfodile@aol.com

UNITED STATES DISTRICT COURT

11

EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
MICHAEL STEWART,                                    Index No.:

                         Plaintiff,

           -against-

THE CITY OF NEW YORK, SGT. CALIGEURI #1902,
POLICE OFFICER SCUDIERO, AND
OFFICERS JOHN DOES 1-3,

                     Defendants.
----------------------------------------------------------------------x

x-------------------------------------------------------------------------------------------------------------------
-x

# **COMPLAINT**

x-------------------------------------------------------------------------------------------------------------------
-x
      Signature (Rule 130-1.1-a)

x-------------------------------------------------------------------------------------------------------------------
-x

Dated: Brooklyn, New York
        June 6, 2023

                LAW OFFICES OF ANTHONY OFODILE
                   Attorneys for PlaintiffS
                    498 Atlantic Avenue
                  Brooklyn, New York 11217
                    (718) 852-8300